**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

| | | |
|---|---|---|
| **JO LAVERNE DICKERSON** | * | |
| 5809 Bicknell Road | | |
| Indian Head, Maryland 20640 | * | **CIVIL ACTION NO.:**_____ |
| | | |
| *Plaintiff* | * | |
| | | |
| **G. WADE COMPTON, INC.** | * | |
| BOX 155 | | |
| LA PLATA, MD 20646 | * | *Collective Action-FLSA, Owed Overtime* |
| *serve on:* | | |
| *G. Wade Compton* | * | |
| *807 Severn Drive* | | |
| *La Plata, Maryland 20646* | * | **Jury Trial Requested** |
| | | |
| **G. WADE COMPTON** | * | |
| 807 SEVERN DRIVE | | |
| LA PLATA, MD 20646 | * | |
| | | |
| *Defendants* | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**COMPLAINT**

Plaintiff, former employee of the Defendants G. Wade Compton, Inc., and G. Wade Compton, operating out of La Plata, Maryland (hereinafter "Defendants"), respectfully files this Complaint on behalf of herself and similarly situated employees, seeking owed overtime wages from Defendants. The claims are asserted under the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and Maryland Wage Payment and Collection Law ("MWPCL"). Plaintiff seeks collective action status on her claim for owed overtime under the FLSA.

<u>**PLAINTIFFS**</u>

1. Plaintiff Jo Laverne Dickerson is an adult citizen of the State of Maryland.

2. Plaintiff Dickerson worked for Defendants as a bus attendant.

3. Pursuant to the Maryland Wage and Hour law ("MWHL"), the Maryland Wage Payment and Collection Law ("MWPCL"), and the federal Fair Labor Standards Act ("FLSA"), Plaintiff institutes this action for actual damages, liquidated damages, treble damages, statutory penalties, restitution, and attorney's fees and the costs of this action against Defendants for their failure to pay overtime.

4. Plaintiff was a non-exempt employee within the meaning of the FLSA, and the Maryland Labor & Employment Code, and the implementing rules and regulations of the FLSA and the Maryland Labor & Employment Code.

5. Plaintiff seeks treble damages, pursuant to the MWPCL, Md. Code Ann., Labor & Empl. § 3-507(b).

### DEFENDANTS

6. Defendant G. Wade Compton, Inc., operates buses for clients (hereinafter "corporate Defendant").

7. The corporate Defendant provides bus services to clients, including but not limited to providing bus service to and from Kennedy Krieger.

8. Defendant G. Wade Compton is an owner of the corporate Defendant G. Wade Compton, Inc.

9. Mr. G. Wade Compton is known as "Wade" as well as "Wade Compton" (hereinafter "Defendant Mr. Compton")

10. Defendant Mr. Compton is an operator of the corporate Defendant G. Wade Compton, Inc., and oversees its day-to-day activities.

11. Defendant Mr. Compton personally supervises employees.

2

12. Defendant Mr. Compton created and implemented the pay policies of the corporate Defendant, including the policy not to pay overtime.

13. Defendant Mr. Compton personally reviewed Plaintiff's hours worked and oversaw the corporate Defendant's payment of wages to Plaintiff.

14. Defendant Mr. Compton supervised Plaintiff, including in person and by phone call.

15. Defendant Mr. Compton is an employer within the meaning of the FLSA, MWHL, and MWPCL.

**FACTS RELATING TO FLSA AND WAGE VIOLATIONS UNDER MARYLAND LAW**

16. Defendants employed Plaintiff as an hourly worker.

17. Defendants employed Plaintiff as a bus attendant on their bus service.

18. Plaintiff typically worked five days per week, Monday through Friday, reporting to work around 4:30 A.M. and leaving work around 6 p.m., approximately.

19. Plaintiff reported to 6950 Rose Hill Road in Port Tobacco, Maryland 20677, to work for Defendants.

20. Plaintiff typically worked 50 to 65 hours per week.

21. Plaintiff was paid once per week.

22. Plaintiff worked for Defendant from around August 25, 2012, through October 25, 2013.

23. Defendants paid Plaintiff in 2012 and 2013 at the rate of $12.79 per hour for all hours worked, her regular rate.

24. Defendants paid Plaintiff her regular rate for all hours worked even when she worked above forty hours per week.

25. For instance during two pay periods from September 27, 2013 through October 7, 2013, Plaintiff was paid for fifty hours per week and was paid no overtime.  *See* Exhibit A.

26. In addition, Plaintiff was paid at most for 10-hour days, five days per week during her regular week pay period, *see* Exhibit A, even if Plaintiff worked more hours that week.

27. Plaintiff would be paid for the surplus hours not counted as part of her weekly pay at the Defendants' convenience, sometimes months later.

28. For instance, Defendants paid Plaintiff for these work performed in December 2012 and January 2013 only in February 2013. *See* Exhibit B.

29. Plaintiff on several occasions asked for overtime pay.

30. Mr. Compton on behalf of both Defendants told Plaintiff that she would not be paid overtime.

31. On several occasions, Mr. Compton told Plaintiff that the Defendants could not afford to pay Plaintiff overtime and therefore would not pay her overtime.

32. Defendant Mr. Compton said words to the effect of 'the board doesn't pay us the overtime so we can pay you the overtime'.

33. Plaintiff on several occasions asked for all her hours to be paid to her as part of her weekly pay.

34. Plaintiff never consented to accepting late pay for her hard work.

35. On several occasions, Mr. Compton told Plaintiff that he would pay for time above fifty hours per week when Defendants themselves were paid by the school board.

36. Defendants never paid Plaintiff overtime for hours worked above forty hours per week.

### JURISDICTION AND VENUE

37. The jurisdiction of this Court is invoked due to the asserted violation of a federal statute and pursuant to of 28 U.S.C. § 1331.

38. Venue is appropriate in this jurisdiction because the corporate Defendant is a Maryland

corporation based in this District.

39. Jurisdiction and venue are appropriate in this District because Defendants' illegal conduct occurred in this District.

## **VIOLATIONS OF LAW**

### COUNT I – OWED OVERTIME (FLSA).

40. All allegations of the Complaint are expressly incorporated herein.

41. Defendants were required to pay Plaintiff overtime for all hours worked over 40 hours per week and did not pay any overtime wages.

42. Defendants willfully denied Plaintiff overtime pay.

43. Defendants knew their refusal to pay overtime was illegal.

44. Defendants maliciously and knowingly violated the FLSA and Plaintiff's federal protected right to overtime.

45. Defendants are in sole possession of the documents necessary to state a precise claim for damages.

46. Plaintiff spoke to co-workers and learned from co-workers that her co-workers also were not being paid overtime.

47. Plaintiff never heard of any co-worker receiving overtime pay.

48. Defendants continued to not pay their bus attendants overtime wages after Plaintiff ceased working at Defendants, upon information and belief.

49. Relief requested - Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff all of her owed overtime wages; (b) Plaintiff be awarded pre- and post-judgment interest; (c) Plaintiff be awarded liquidated damages; (d) Plaintiff be awarded attorney's fees and costs, and (e) this claim proceed as a collective action.

## COUNT II – OWED OVERTIME (MWPCL)

50. All allegations of the Complaint are expressly incorporated herein.

51. Defendants paid Plaintiff at the end of each work week.

52. Defendants failed to pay Plaintiff overtime during the applicable pay periods.

53. Defendants' failure to pay overtime is untimely and grossly overdue under MWPCL § 3-504.

54. Defendants' failure to pay overtime in a timely manner at or shortly after cessation of employment is untimely and grossly overdue under MWPCL § 3-505.

55. Defendants are in sole possession of the documents necessary to state a precise claim for damages.

56. There is no bona fide dispute that Plaintiff is owed the requested overtime wages.

57. Plaintiff seeks redress under the Maryland Wage Payment and Collection Law Section § 3-507.2.

58. Relief requested - Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff all owed overtime wages; (b) Plaintiff be awarded pre- and post-judgment interest; (c) Plaintiff be awarded treble damages and/or statutory damages; (d) Plaintiff be awarded attorney's fees and costs.

## COUNT III – OWED OVERTIME (MWHL)

59. All allegations of the Complaint are expressly incorporated herein.

60. Defendants failed to pay Plaintiff overtime.

61. There is no bona fide dispute that Plaintiff is owed the requested overtime wages.

62. Plaintiff seeks redress under the Maryland Wage and Hour Law § 3-427.

63. Defendants are in sole possession of the documents necessary to state a precise claim for damages.

64. <u>Relief requested</u> - Plaintiff requests that: (a) Defendants be ordered to pay Plaintiff all owed overtime wages; (b) Plaintiff be awarded pre- and post-judgment interest; (c) Plaintiff be awarded treble damages and/or statutory damages; (d) Plaintiff be awarded attorney's fees and costs.

### *FLSA Overtime Collective Action Allegations Under Count I*

65. This action is concurrently maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for owed overtime wages, liquidated damages, and attorneys' fees and costs under the FLSA.

66. In addition to Plaintiff, there are numerous current and former employees of Defendants who are similarly situated to Plaintiffs with regard to being subject to the same unlawful refusal by Defendants to pay overtime to bus attendants who worked over forty hours per week.

67. These similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records.

68. The many similarly situated employees were subject to the same pay policies and practices as the Plaintiff of not being paid overtime for hours worked over 40 hours per week.

69. These similarly situated employees worked for Defendants in 2012 and 2013.

70. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. §216(b), for the purpose of adjudicating their claims for liquidated damages and attorneys' fees under FLSA.

71. Defendants are in exclusive control of whether Defendants continued to refuse to pay overtime to bus attendants in 2014 and 2015.

72. Defendants are in exclusive control of whether Defendants refused to pay its bus drivers and other hourly workers overtime.

73. Plaintiff reserves the right to amend this Complaint and expand the scope of this collective action under the Federal and Local Rules of Civil Procedure.

Respectfully submitted,

Richard Neuworth, Bar #01052
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
tel. 410.296.3030
fax. 410.296.8660
rn@joblaws.net

Gregg H. Mosson, Bar #30178
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
tel. 410.296.3030
fax. 410.296.8660
rn@joblaws.net

*Attorney for the Plaintiffs*

## REQUEST FOR JURY TRIAL

Plaintiffs request that a jury of their peers hear and decide the claims asserted in this Complaint.

Gregg H. Mosson, Bar #30178

8